IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY WAYNE JOHNSON,

      Petitioner,           2:05-cv-1002-GEB-GGH-P

    vs.

DAVID L. RUNNELS, Warden,

      Respondent.        <u>ORDER</u>

_____/

        Petitioner, a state prisoner represented by counsel, has timely filed a notice of appeal of this court's June 20, 2008, denial of his application for a writ of habeas corpus.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

        A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'"  <u>Jennings v. Woodford</u>,

290 F.3d 1006, 1010 (9th Cir. 2002) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issue presented in the instant petition: whether petitioner was denied his right to self-representation when the trial judge denied his request as a "delaying tactic" one court day before the then scheduled date of his trial.[2]

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is issued in the present action.

Dated:  July 28, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. <u>Jennings</u>, at 1010.

[2] Counsel lists as separate grounds in his request for a COA a number of subclaims or supporting theories to the denial of the <u>Faretta</u> motion, which this court finds is the single, over-arching claim for which a COA should issue.